The opinion of the court was delivered by

Mr. Justice Mott.

All the grounds made in this case may be resolved into the general question, whether in an action of covenant, the defendv ant can require the plaintiff or he allowed himself, to give in evidence any matter not put in issue by his plea. But if the books of the highest authority arc to be regarded, there can be no doubt on that subject, in Chitty’s pleadings, it is laid down that “ in covenant there is no general issue; for the plea of non cst factum, only puts the deed in issue, and not the breach of covenant or any other matter of defence.” The defendant therefore, must plead specially every matter which it would be necessary to plead in debt on bond or other specialty, as that the deed was voidable by infancy, or illegality of consideration. The defendant must also plead specially, performance of the covenant, or excuse of performance, as by eviction or non performance of a condition precedent by the plaintiff: 1 Chitty’s Pleadings, 482-3; 2d Do. 544, n. So where the covenant requires that the plaintiff should have made .a previous demand, the defendant must take advantage of the want'of demand, by pleading specially that he always was and still is ready to perform: 6 Viner, 389. The object of the pleadings is to give each party a distinct knowledge of the question which lie is required to support or defend. A defendant has always an opportunity of chosing the ground on which to rest his defence. He may even have the benefit of several, by putting them in issue by his pleas, but he is not allowed to put one in issue and give evidence of another.
It has been contended that as the plaintiff was under the necessity of going into evidence dehors the record, to prove the *452 amount of damages which he had sustained, the defendants might go into evidence of performance, by way of mitigation. But the distinction between giving evidence in mitigation and justification is as obvious as 'the distinction detween denying a fact and justifying it by plea.
Williams, for motion.
A. W. Thompson, contra.
The defendant may give any evidence in mitigation which is a direct answer to the testimony offered by the plaintiff; but lie can not be permitted to give evidence directly at variance with the matter put in issue by his plea. Such a practice would go to destroy all the rules of pleading. The motion therefore must be refused.
Gantt, Johnson, and Huger, Justices, concurred.